640 S.E.2d 460

**In the Matter of Carlton D. ROBINSON, Respondent.**

No. 26244.

Supreme Court of South Carolina.

Submitted Nov. 14, 2006.

Decided Jan. 8, 2007.

Henry B. Richardson, Jr., Disciplinary Counsel and C. Tex Davis, Jr., Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

Jason B. Buffkin, of West Columbia, for Respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and consents to the imposition of an admonition or a public reprimand. We accept the Agreement and issue a public reprimand. The facts, as set forth in the Agreement, are as follows.

## Facts

In 2005, respondent was contacted by National Real Estate Information Services (NREIS) about handling closings of residential real estate transactions in South Carolina. Respondent closed approximately thirty transactions arranged by NREIS in 2005, all of which involved refinances except for the subject transaction, which was a purchase transaction.

With regard to the subject transaction, respondent, after speaking with the complainant, declined to proceed with the closing. As for the refinances, respondent represents that each was handled by him in substantially the same manner. Respondent would typically receive the closing package a day in advance of the closing. He did not prepare the title abstracts used in the closings. Instead, he was informed by NREIS that they use other South Carolina attorneys to do the

title work and obtain a certified legal opinion prior to closing. Once a certified legal opinion was obtained, NREIS would forward the relevant closing materials to respondent for closing. However, respondent took no affirmative action to verify NREIS' representations nor did he ever obtain a copy of the certified legal opinions for the refinances. Respondent represents that at each closing he reviewed all of the relevant documents, including the terms of the loan, with the client and that this process included a careful review of the Settlement Statement to confirm the client's agreement with the costs and disbursements associated with the closing transaction. At the conclusion of the closings, respondent forwarded the closing documents to NREIS. He did not record the mortgage associated with any of the transactions nor did he take any affirmative action to confirm that the mortgages were properly recorded. In addition, respondent had no involvement in the disbursement of funds to each client and did not take any action to confirm that the funds were disbursed as reflected in the Settlement Statement.

Respondent, who has no prior disciplinary history, has been forthright and cooperative with ODC throughout this investigation and maintains he is committed to the improvement of the management of his practice to insure full compliance with the guidelines governing real estate closings.

## *Law*

Respondent admits that his conduct constitutes grounds for discipline under Rule 413, RLDE, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers). In addition, respondent admits he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to a client); Rule 5.5(b) (lawyer shall not assist a person who is not a member of the bar in the performance of activity that constitutes the unauthorized practice of law); and Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct).

## Conclusion

We find respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.